**United States District Court**
**Central District of California**
**\*\*SECOND AMENDED\*\***

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  CR 10-239-GW | MD JS-3 |
| **Defendant**   Kim Knight | **Social Security No.**  3  1  6  2 | |
| akas: | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 10 | 28 | 2010 |

**COUNSEL**   ☐ WITH COUNSEL   Jesus G. Bernal, DFPD
(Name of Counsel)

**PLEA**   ☑ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**18 U.S.C. § 1343 WIRE FRAUD as charged in the Information.**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **Thirteen (13) months.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Defendant shall pay restitution in the total amount of $195,912.85 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments $25 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kim Knight, is hereby committed on Counts One and Two of the Information to the custody of the Bureau of Prisons to be imprisoned for a term of *13 months*. This term consists of 13 months on each of Counts One and Two of the Information, to be served concurrently.

Upon release from home confinement, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions. This term consists of three years on each of Counts One and Two of the Information, such terms to run concurrently.

1. *The defendant shall participate for a period of 6 months in a home detention program which may include electronic monitoring, GPS, alcohol monitoring or voice recognition and shall observe all rules of such program, as directed by the Probation Office. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment.*

| USA vs. **Kim Knight** | Docket No.: **CR 10-239-GW** |
|---|---|

2. The defendant shall comply with General Order No. 01-05;

3. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

4. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

5. The defendant shall not be employed in any capacity wherein she has custody, control or management of her employer's funds; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on January 7, 2011.  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

> United State Court House
> 3470 Twelfth Street, Room G122
> Riverside, CA 92501

The Court recommends, but does not order, that defendant be housed in a federal facility in Southern California.

The Court advises defendant of his rights to an appeal.  Bond is exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| November 10, 2010 | _/s/ George H. Wu_ |
|---|---|
| Date | GEORGE H. WU, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| November 12, 2010 | By | /S/ Javier Gonzalez |
|---|---|---|
| Filed Date |  | Deputy Clerk |

USA vs. **Kim Knight**                                              Docket No.:   **CR 10-239-GW**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. **Kim Knight**                                   Docket No.:   **CR 10-239-GW**

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
  at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By _____
Date                              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By _____
Filed Date                        Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

CR-104 (04/10)            **JUDGMENT & PROBATION/COMMITMENT ORDER**            Page 4 of 4

USA vs. **Kim Knight**　　　　　　　　　　　　　　Docket No.:　**CR 10-239-GW**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

　　These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____　　　_____
　　　　　　Defendant　　　　　　　　　　　　　　　　Date


_____　　　_____
U. S. Probation Officer/Designated Witness　　　Date